IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WAYA TSALAGI JONES, | ) | 4:11CV3124 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| KAREN A. DITSCH, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her Complaint on July 25, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.      SUMMARY OF COMPLAINT

Plaintiff filed her Complaint on July 25, 2011, against Karen A. Ditsch, a city prosecutor in Alliance, Nebraska. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is a non-prisoner who currently resides in Hot Springs, South Dakota. (*Id.*)

Condensed and summarized, Plaintiff alleges that Defendant was "rude" to her and had an "additude of being 'better than anyone else.'" (*Id.* at CM/ECF p. 3.) Plaintiff further alleges that Defendant told her that getting her firearms back would not be in Plaintiff's "best interest," and wouldn't give Plaintiff "the 'courtesy' to stand and talk with" her. (*Id.* at CM/ECF pp. 1, 3.) Plaintiff also alleges that Defendant knew that her husband, Bret Tschacher ("Tschacher")[1] was not a felon and had a "pardon." (*Id.* at CM/ECF pp. 3-4.) Plaintiff seeks "full restitution," and the restoration of "all rights to Bret Tschacher." (*Id.* at CM/ECF p. 6.)

---

[1]The court takes judicial notice that Tschacher was recently found guilty of being a felon in possession of a firearm and sentenced to 21 months in prison. (*See United States v. Tschacher*, Case No. 09CR3025, Filing No. 108.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

In addition, in order to allege a federal constitutional claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III.    DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint. As set forth above, Plaintiff asserts that Defendant was "rude," had a bad attitude, and did not extend to her the "courtesy to stand and talk with" Plaintiff about her husband's case. (Filing No. 1 at CM/ECF p. 3.) Plaintiff does not set forth any specific actions taken by Defendant which violate any constitutional right or support a claim under 42 U.S.C. § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). Indeed, the court is not aware of any federal right to "courtesy" or a good attitude. In short, Plaintiff does not allege that Defendant deprived her of a right

2

secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West,* 487 U.S. at 48; *Buckley*, 997 F.2d at 495. Even with the most liberal construction, Plaintiff's Complaint does not include "sufficient facts to support the claims advanced," and is, at best, frivolous.[2] *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006). This matter is therefore dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 6th day of October, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

[2]To the extent Plaintiff's Complaint seeks relief for Tschacher relating to his conviction, Plaintiff lacks standing to bring such a claim. *See Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (stating the general rule that, to establish standing a plaintiff must assert her legal rights or interests and not "the legal rights or interests of third parties").

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.